UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| REYMEL TAMAYO REITOR, A/K/A REYMEL ALEJANDRO TAMAYO-REITOR, A# 203 814 519, <br><br> Petitioner, <br><br> vs. <br><br> DEBORAH ACHIM, Field Office Director for Detention and Removal, ICE, DHS; RAY CASTRO, Warden of the South Texas Detention Center; and PETE GAYNOR, Interim Secretary of the Department of Homeland Security[1], ET AL., <br><br> Respondents. | SA-20-CV-1042-DAE |

## DISMISSAL ORDER

Before the Court is the 28 U.S.C. § 2241 Habeas Corpus Petition ("Section 2241 Petition") filed by Reymel Tamayo Reitor A/K/A Reymel Alejandro Tamayo-Reitor ("Petitioner"), who challenges his detention pending removal by the Bureau of Immigration and Customs Enforcement (ICE). (ECF No. 1). On January 11, 2021, Respondents advised the Court that on December 29, 2020, Petitioner was removed from the United States pursuant to a final order of removal, thereby mooting Petitioner's Section 2241 Petition. (ECF No. 13).

A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (internal citation omitted). A habeas corpus petition is moot, and a federal court is without jurisdiction to address the merits, where the petitioner seeks release but is released from custody before the case can be heard. *Lane v. Williams*, 455 U.S. 624, 631 (1982).

---

[1] The Court has substituted Pete Gaynor, who will serve as interim head of DHS following the resignation of Chief Wolf, who was the acting Secretary of DHS.

While physical detention is not required for a petitioner to meet the custody requirement and obtain habeas relief, *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), before a court can exercise habeas jurisdiction over a petitioner no longer in custody, "the petitioner must demonstrate that . . . his subsequent release has not rendered the petition moot, *i.e.*, that he continues to present a case or controversy under Article III, § 2 of the Constitution." *Zalawadia v. Ashcroft*, 371 F.3d 292, 296 (5th Cir. 2004). "The petitioner presents an Article III controversy when he demonstrates 'some concrete and continuing injury other than the now-ended [detention] – a 'collateral consequence of the conviction.'" *Id.* at 297 (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

In this case, Petitioner sought solely his release from ICE custody. As a result, his release renders his Section 2241 Petition moot. *See Francis v. Lynch*, 622 F. App'x 455, 455–56 (5th Cir. 2015) (challenge to ICE detention pending removal was moot where petitioner was no longer detained).

Accordingly, Petitioner's 28 U.S.C. § 2241 Habeas Corpus Petition is **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF No. 1)

**IT IS SO ORDERED**.

**SIGNED** on January 12, 2021.

                                                   **David A. Ezra**
                                                   **Senior United States District Judge**